WALLACE *v.* STATE.*

(In Banc. Oct. 19, 1925.)

[105 So. 520.   No. 24933.]

HOMICIDE. *Testimony as to statement by deceased of assault by others properly excluded.*

Testimony of witnesses as to statement by deceased that "four negroes assaulted him" *held* properly excluded.

---

*Headnote 1.   Homicide, 30 C. J., Sections 387, 441.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

James Wallace was convicted of murder, and he appeals. Affirmed.

*R. J. Pettey,* for appellant.

The witness, Vafinis, placed on the stand by the state, stated that the deceased, Angelo Dionis, stated in response to an inquiry from the night watchman, that he had been assaulted by four negroes. This statement was made in the presence of the night watchman, the witness and another witness placed on the stand by the state. Upon this question and answer, the state interposed an objection, sustained by the court, in which action the lower court erred. *Irvin Reed* v. *State,* 62 Miss. 405.

The testimony of the witness, Vafinis, should have been admitted for other reasons. It is clearly shown that the statements made by the deceased to said witness, about ten minutes after the injury, were the spontaneous statements or expressions of a state of mind created by the act charged, and were not made under such circumstances and conditions as to smack of fabrication, design or any idea of premeditation, but excludes all such conditions and circumstances. 16 C. J. 577.

For the same reasons outlined above with reference to the testimony offered by the witness, Vafinis, with reference to statements made by the deceased some ten minutes after the injury, we submit that the testimony offered by the witness for the state, Cornes, should have been admitted. This action by the trial court would not have been harmful to the defendant had the testimony not shown that four negroes, the same number mentioned by the deceased in his various statements to various parties, among them Vafinis, Cornes and the widow, Mrs. Dionis, were passed and seen that same night by the principal witness for the state, Johnny Green, referred to in this brief.

I am frank in saying that the record in this cause is one of the cleanest I have ever seen. With the exception of the statements made by the deceased, the testimony offered by the state did not materially affect this defendant, although there are other grounds of error. The

defense was not permitted to offer any evidence, after
the statements of the deceased were excluded, as to the
four negroes seen on the night of the alleged crime
charged against this defendant, although Johnny Green,
the principal witness for the state testifies himself that
these four negroes were seen by him, approaching from
the opposite direction in which he was going after the
crime·was committed.

*J. L. Byrd,* assistant attorney-general, for the state.

The appellant complains of the action of the court in
excluding the testimony of the witness Vafinis with ref-
erence to statements made by the deceased prior to his
death. These statements were that he, Dionis, had been
assaulted by four negroes. This testimony was not a
part of the *res gestae,* not being connected with the orig-
inal crime or so closely following it as to become a part
of it. And neither was it a dying declaration because no
predicate was ever laid for the introduction of any such
testimony. We think the appellant's counsel lays too
much stress on this ruling of the court when we consider
its importance, because as above stated, we submit that
the statements were inadmissible, and we challenge coun-
sel to show any authority to the contrary. We agree
with the citation of law from Corpus Juris, but we sub-
mit that the citation he makes has reference to declara-
tions and statements which are part of the *res gestae,*
and nowhere does it appear that these statements made
by Dionis were part of the *res gestae.*

But granting for the sake of argument that they were
part of the *res gestae* and were admissible, yet we submit
that they could have no bearing on this case because it
is immaterial whether the deceased thought there were
four negroes or whether there were a dozen people. An
eye witness identified the appellant as having been pres-
ent and as having aided and assisted in the commission
of this crime. Therefore, anything that Dionis might

have said or thought about the number of people who attacked him would not avail this appellant anything.

Another good reason for the exclusion of this testimony was that the physician who was called to attend Dionis immediately after the fatal blows were struck testified that Dionis was in a semi-conscious state from the time he was hit until he died, and that his statements were · undoubtedly those made by one whose mind was beclouded on account of a terrible blow which had been received.

Argued orally by *R. J. Pettey,* for appellant, and *J. L. Byrd,* assistant attorney-general for the state.

SMITH, C. J., delivered the opinion of the court.

The evidence of the witnesses Vafinis and Cornes as to the statement alleged to have been made by the deceased that ''four negroes assaulted him'' was properly excluded, and the state's instructions complained of were warranted by the evidence.

The judgment of the court below will be affirmed, and the sentence executed on Friday, December 4, 1925.

*Affirmed.*